[No. 11788. Department One. — April, 22, 1889.]

SMITH FILLMORE, APPELLANT, *v.* L. P. JENNINGS ET AL., RESPONDENTS.

ACCRETION — LAND FORMED BY BELONGS TO OWNER OF BANK OF STREAM.
— Land formed by natural accretion upon the bank of a stream belongs to the owner of the bank on which it has formed, notwithstanding the process of accretion has materially reduced the size of the adjoining stream, and rendered it unnavigable.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*P. F. Hart,* and *J. D. H. Chamberlin,* for Appellant.

*S. M. Buck,* and *George D. Murray,* for Respondents.

The accretion formed on the bank of the island became the property of the defendants, although the stream had become greatly diminished and unnavigable. (*Benson* v. *Morrow,* 61 Mo. 353; *Tappendorf* v. *Downing,* 76 Cal. 169; *King* v. *Young,* 78 Me. 76; 49 Am. Rep. 596.)

BEATTY, C. J.— This is an action to recover land
formed by accretion. Defendants had judgment in the
superior court, from which, and from an order denying
a new trial, the plaintiff appeals. The essential facts out
of which the controversy arises, and upon which its
solution depends, are these: Eel River flows westerly.
Before reaching the ocean it divides into two channels,
the main channel being on the north, and the smaller
channel, known as Eastlake Slough, being on the
south. Between these two channels is a body of swamp
land of several hundred acres, called Cock Robin Is-
land. When the township embracing this portion of
the river and Cock Robin Island was surveyed by the
United States surveyor, the south bank of Eastlake
Slough was meandered for some distance to the west of
the eastern extremity of the island, to a point where it
entered the swamp land. The north bank of the main
river was also meandered. On the official plat of the
township both channels of the river were delineated, and
Cock Robin Island was shown as swamp land. After
this survey the grantors of plaintiff acquired from the
United States land on the south bank of Eel River, a
short distance east of the eastern extremity of Cock
Robin Island, the northern boundary of the subdivision
so acquired being, of course, Eel River. The grantors
of the defendants acquired from the state of California,
as swamp land, Cock Robin Island, their southern and
northeastern boundaries being the two channels of Eel
River, the main channel on the north, and Eastlake
Slough on the south. In the course of years changes
have occurred in these channels. The main channel of
Eel River, from a point some distance above the lands
of plaintiff, now flows considerably to the northward of
plaintiff's lands, which on the eastern side have been
correspondingly extended by accretion. But at the same
time that this change has occurred Eastlake Slough has
been wearing away its south bank, and the point at

which it divides from the main channel has been (gradually, as we understand the testimony) moving to the eastward; or in other words, the eastern extremity of Cock Robin Island, which like a wedge divides the two channels, has been gradually pushing up stream, as the result of natural accretion, until at the commencement of this action it covered the whole northern front of plaintiff's lands, interposing between them and the main channel of Eel River. It also appears that Eastlake Slough has gradually diminished in size, and has become unnavigable for small boats, except at high tide, but at the same time there is evidence that it has at all times continued to be 'a distinct channel, conveying more or less water, and constituting Cock Robin Island a real island. Upon this state of facts plaintiff contends that he is entitled to extend his east and west boundary lines northward across the narrow channel of Eastlake Slough, and the eastern extremity of Cock Robin Island, to the present bank of the main channel of Eel River, and to hold the land so included as accretion to his lands. The defendants, on the contrary, claim everything between the two channels, notwithstanding the insignificant size to which Eastlake Slough has been reduced, as accretion belonging to them as owners of Cock Robin Island. This is the entire controversy. We think that the superior court decided it correctly in favor of the defendants. The case falls exactly within the terms of section 1014 of the Civil Code, which is merely declaratory of the law as it has always been. Judgment and order affirmed.

WORKS, J., and PATERSON, J., concurred.